IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CANDICE ABNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 05-0602-CV-W-GAF-SSA |
| | ) |
| JO ANNE B. BARNHART, | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| Defendant. | ) |

## ORDER

This suit involves an application for Supplemental Security Income (SSI) made under Title XVI of the Social Security Act (the Act), 42 U.S.C. §§ 1381, *et seq*. Plaintiff's application was denied. On May 26, 2004, following an administrative hearing, an administrative law judge (ALJ) issued a decision unfavorable to plaintiff. On May 17, 2005, the Appeals Council of the Social Security Administration denied plaintiff's request for review. Thus, the ALJ's decision stands as the final decision of the Commissioner and is the subject of this case.

The standard of appellate review of the Commissioner's decision is limited to a determination of whether the decision is supported by substantial evidence on the record as a whole. *See Johnson v. Chater*, 108 F.3d 178, 179 (8th Cir. 1997). Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support the Commissioner's decision. *See Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). As long as substantial evidence in the record supports the Commissioner's decision, the court may not reverse it either because substantial evidence exists in the record that would have supported a contrary outcome or because the court would have

decided the case differently. *See Holley v. Massanari*, 253 F.3d 1088, 1091 (8th Cir. 2001). The Eighth Circuit has noted that "[w]e defer heavily to the findings and conclusions of the SSA." *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

To establish entitlement to benefits, plaintiff must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable impairment which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A). The Supreme Court in *Barnhart v. Walton*, 122 S. Ct. 1265 (2002), upheld the Commissioner's interpretation of this statutory definition which requires that the disability, and not only the impairment, must have existed or be expected to exist for 12 months.

In the case at hand, the ALJ found that plaintiff had severe impairments consisting of carpal tunnel syndrome, disorders of muscle, ligament, or fascia; and disorders of the female genital organs, but did not have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. § 404, Subpart P, Appendix 1, Regulations No. 4. Plaintiff also had depression and anxiety which were not considered to be severe. Based on her residual functional capacity (RFC), the ALJ then determined that plaintiff was capable of performing her past relevant work as a landscaper. Plaintiff was found not disabled.[1]

Plaintiff argues first that the ALJ did not properly evaluate the credibility of her alleged symptoms and limitations. The standard for evaluating pain and other subjective complaints is set forth in *Polaski v. Heckler*, 739 F.2d 1320 (order), supplemented, 751 F.2d 943 (8th Cir. 1984), and the

---

[1] Upon review of the record and applicable authority herein, the defendant's position is found to be controlling. Much of defendant's brief is adopted without quotation noted.

regulations at 20 C.F.R. § 416.929. The Eighth Circuit has repeatedly stated that, where adequately explained and supported, credibility findings are for the ALJ to make. *See Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000), (citing *Tang v. Apfel*, 205 F.3d 1084, 1087 (8th Cir. 2000)). The Eighth Circuit has noted that when the ALJ referred to the *Polaski* considerations and cited inconsistencies in the record, he may properly find a claimant not credible. *See Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000); *McKinney v. Apfel*, 228 F.3d 860, 864 (8th Cir. 2000). In evaluating plaintiff's allegations of disabling symptoms and limitations, the ALJ considered objective and opinion medical evidence, activities, treatment measures and effectiveness of treatment, compliance with treatment, testimony, and plaintiff's work history.

Although the evidence supported the presence of "severe" impairments, the question is not whether plaintiff has some pain or limitation. Instead, the question is whether that pain or limitation is credible to the extent it prevents her from performing substantial gainful activity. *See Clark v. Chater*, 75 F.3d 414, 417 (8th Cir. 1996); *Baker v. Secretary of Health and Human Services*, 955 F.2d 552, 555 (8th Cir. 1992). The ALJ noted that plaintiff's allegations of symptoms "every single day, all day long" were vague and exaggerated, and were not entirely consistent with physicians' records. Despite plaintiff's complaints of leg pain, findings on examination were largely normal. A venous doppler study was also completely normal. Despite her complaints of disabling abdominal pain for which she eventually underwent three laparoscopies and a hysterectomy, her condition improved after surgery. By January 2002, plaintiff's physician reported that her pain was improved. A January 2003 CT scan of plaintiff's abdominal region was normal with the exception of some diverticular changes in the lower colon. Plaintiff also complained of chronic headaches and neck pain. However, an MRI of

3

her cervical spine revealed normal findings. While a lack of medical evidence to support the degree of pain alleged cannot be the sole determinant of a claimant's believability, it is an important factor which must be considered. *See Russell v. Sullivan*, 950 F.2d 542, 545 (8th Cir. 1991). Furthermore, "[a]n impairment which can be controlled by treatment or medication is not considered disabling." *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002) (citing *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995)).

The ALJ also considered evidence of plaintiff's non-compliance with recommended treatment in evaluating her credibility. Dr. Pickett noted on October 21, 2003, that plaintiff was not compliant in using her splints for carpal tunnel syndrome. In addition, plaintiff did not always follow through with recommended treatment and prescribed medications. On January 11, 2004, plaintiff presented to the emergency room, but left without being treated. The ALJ also noted that plaintiff told a physician at the hospital on October 28, 2003, that she stopped taking Xanax a few months prior. However, she later told the same physician that she took Xanax four times per day. Noncompliance with treatment is a proper factor in the credibility analysis. *See Holley v. Massanari*, 253 F.3d 1088, 1092 (8th Cir. 2001).

In his evaluation of plaintiff's credibility, the ALJ noted that the record did not reveal any significant restrictions imposed by treating doctors despite her alleged inability to lift more than 15 pounds, stand more than 15 minutes, or walk more than 15 minutes. Likewise, there are no restrictions by her physicians to support plaintiff's alleged need to lay down and rest for extended periods of time. It is significant that no physician who examined plaintiff has found limitations consistent with disability. *See Young v. Apfel*, 221 F.3d 1065, 1069 (8th Cir. 2000) (citing *Brown v. Chater*, 87 F.3d 963,

4

964-65 (8th Cir. 1996) (lack of significant restrictions imposed by treating physicians supported the ALJ's decision of no disability.))

The ALJ also noted that plaintiff's reported activities were inconsistent with a disabling degree of pain and limitation. On May 30, 2002, plaintiff stated that she was able to bicycle for an hour and a half at a time and was doing other exercises every other day. Plaintiff also indicated that she was able to do some cooking, help with cleaning, take care of her children, read to her children, do laundry, go out to doctor's appointments and to the store, and plant flowers with help. The Eighth Circuit has noted that activities which are inconsistent with a claimant's assertion of disability reflect negatively upon that claimant's credibility. *See Johnson v. Apfel*, 240 F.3d 1145, 1148 (8th Cir. 2001). The ALJ may discount subjective complaints if inconsistencies are apparent in the evidence as a whole. *See Wheeler v. Apfel*, 224 F.3d 891 (8th Cir. 2000) (citing *Hutton v. Apfel*, 175 F.3d 651, 655 (8th Cir. 1999)); *Kisling v. Chater*, 105 F.3d 1255, 1257 (8th Cir. 1997).

The ALJ also considered evidence that plaintiff had a history of drug abuse in his evaluation of her overall credibility.[2] On April 9, 2003, plaintiff's drug screen results were positive. On October 28, 2003, plaintiff was brought to the emergency room by her family and her prescription bottle for Soma was empty and 50 hydrocodone were missing. However, both prescriptions were filled only one week prior. A urinalysis was positive for cannibinoids, cocaine, methamphetamine, opiates, and benzodiazepines.

---

[2]In this case, there was no initial finding of disability even with the presence of substance abuse. Therefore, there was no need to determine whether drug addiction or alcoholism was a contributing factor material to the determination of disability. *See* 20 C.F.R. § 416.935.

The ALJ articulated the inconsistencies on which he relied in discrediting plaintiff's subjective complaints of disabling symptoms and limitations, and his credibility finding is supported by substantial evidence on the record as a whole.

Plaintiff argues further on appeal that the ALJ failed to consider the severity of her mental impairments. In this regard, the ALJ considered the possibility of mental limitations and found that "[w]hile [plaintiff] does experience depressed mood, and experiences some anxiety on occasion, these do not constitute severe impairments." The ALJ further noted that although plaintiff was prescribed anti-depressants by her primary physician, she failed to seek treatment from a psychiatrist for a very long time, and failed to undergo psychotherapy as recommended by her physician. On February 13, 2003, plaintiff reported that her medications worked very well. A June 2, 2003 treatment note indicates that medications were helping plaintiff to deal with stress. A state agency review physician determined that plaintiff did not have a severe psychological impairment based on a review of the evidence. Furthermore, none of plaintiff's treating or examining physicians imposed significant restrictions on plaintiff for any physical or mental condition. The Eighth Circuit has held that the mere presence of a mental disturbance is not disabling, *per se*, absent a showing of severe functional loss establishing an inability to engage in substantial gainful activity. *See Trenary v. Bowen*, 898 F.2d 1361, 1364 (8th Cir. 1990).

Plaintiff further argues that the ALJ erred in formulating plaintiff's residual functional capacity (RFC) and determining that she could perform her past relevant work. The majority of the ALJ's decision is a discussion and evaluation of the credibility of plaintiff's alleged impairments and limitations. Ultimately, the limitations found to be credible comprised his RFC. Based on his consideration of the

record, the ALJ found that plaintiff had the RFC to perform light exertional work including the ability to lift up to 20 pounds occasionally and 10 pounds frequently[3]; sit, stand, and walk for about six hours during an eight-hour workday; unlimited ability to push/pull with the upper and lower extremities; occasionally climb, kneel, and crouch; and frequently balance, stoop, and crawl.

The ALJ's RFC determination is supported by the record including medical evidence, effectiveness of treatment measures, plaintiff's activities, and the findings of the non-examining state agency medical consultants. This RFC accounts for a degree of physical limitations by limiting plaintiff's ability to lift, climb, kneel, and crouch. The ALJ complied with his duty to determine plaintiff's RFC based on all of the relevant evidence. *See Pearsall v. Massanari*, 274 F.3d 1211, 1217-18 (8th Cir. 2001); *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). As he did in this case, the ALJ need only include those impairments and limitations he determines to be credible in his RFC. *See Lorenzen v. Chater*, 71 F.3d 316, 318 (8th Cir. 1995).

After determining plaintiff's RFC, the ALJ compared it to plaintiff's past relevant work as a landscaper and a nursing assistant. Based on his comparison, the ALJ determined that plaintiff's RFC enabled her to return to her past relevant work as a landscaper as she described it. If an individual can perform her past relevant work, either as she performed it, or as the work is performed in the national economy, she is not disabled. *See Jones v. Chater*, 86 F.3d 823, 825 (8th Cir. 1996); *Gaddis v. Chater*, 76 F.3d 893, 896 (8th Cir. 1996); *Jackson v. Sullivan*, 984 F.2d 967 (8th Cir. 1993); *Brunston v. Shalala*, 945 F. Supp. 198, 202 (W.D. Mo. 1996). *See* Social Security Ruling 82-61.

---

[3]The ALJ's decision contains a typographical error as it states that plaintiff was capable of "lifting up to 20 pounds *frequently*, and 10 pounds *occasionally*".

7

Furthermore, "[w]here the claimant has the residual functional capacity to do either the specific work previously done or the same type of work as it is generally performed in the national economy, the claimant is found not to be disabled." *See Lowe v. Apfel*, 226 F.3d 969, 973 (8th Cir. 2000), (citing *Jones v. Chater*, 86 F.3d 823, 826 (8th Cir. 1996)); *see also* 20 C.F.R. § 416.920(a)(4)(iv)(f) (2004).

WHEREFORE, for the reasons stated herein, the ALJ's decision is affirmed.

/s/ Gary A. Fenner
GARY A. FENNER, JUDGE
United States District Court

DATED: November 30, 2005